In Re: Kilburn, No. S0241-04 CnC (Katz, J., Aug. 10, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

IN RE KILBURN

ENTRY

Petitioner seeks to vacate his sentence on the grounds that he was denied his right to allocution prior to sentencing. The state opposes by arguing that allocution is not a fundamental right and that petitioner has not proven that he was harmed by its loss. We disagree and grant relief.

Post conviction relief is not premised solely on constitutional law. 13 V.S.A. § 7131 (allowing relief for sentence imposed in violation of state, federal, and constitutional law). The fact that allocution comes historically

from the common law rather than the constitution does not deny its fundamental nature.  In re Stevens, 144 Vt. 250, 259–60 (1984).  As part of the rules of criminal procedure, a judge is required before imposing a sentence to address the defendant personally and "ask him if he wishes to make a statement in his own behalf and to present any information relevant to sentencing."  V.R.Cr.P. 32(a)(1)(B).  The rule further clarifies that it is "the state, the defendant, and his attorney" who shall be allowed this opportunity to comment.  Id. at (c)(4).  The Vermont Supreme Court tells us that this opportunity must be meaningful.  In re Stevens, 144 Vt. at 260 (emphasis in original).  Merely allowing the petitioner's attorney to speak is not sufficient.  As Justice Black wrote, "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."  Green v. United States, 365 U.S. 301, 304 (1961) (Black, J. dissenting), cited in In re Stevens, 144 Vt. at 259.

The question of whether or not petitioner suffered harm as a result of not having an opportunity to address the court is by its very nature speculative.  As the state notes in its brief, the specific sentence imposed was motivated in part because the court felt it could not trust petitioner and that his conduct merited the sentence.  There is no reason to conclude that petitioner's statement would not have had an effect on his sentence.  While there was nothing concrete such as the self-incriminating note in Stevens, there was the a certain amount of incriminating evidence in his prior conduct for defendant to respond to during his allocution. More importantly, petitioner's plea agreement was flexible, which meant that petitioner had a significant opportunity to lower his minimum sentence. Allocution is meant to give a convicted defendant an opportunity to make his case.  If it is to be meaningful as a right, it cannot be revoked merely because everyone else believes petitioner has nothing to say.  Petitioner must have that opportunity.

Petitioner's motion for summary judgment is granted.  His sentence is vacated and remanded for re-sentencing.

Dated at Burlington, Vermont_____, 2004.


_____
Judge